Thomas Ward Hussey, Director, U.S. Department of Justice Office, John Ashcroft, U.S. Department of Justice, Washington, DC, Hipolito Acosta, Houston, TX, U.S. Immigration & Naturalization Service, Caryl G. Thompson, U.S. Immigration & Naturalization Service, New Orleans, LA for Respondent.

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM: *

Ever Torres–Riasco petitions this court for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). Torres–Riasco challenges the IJ's finding that he failed to meet any of the three requirements for cancellation of removal. This court reviews only the BIA's decision except to the extent that the IJ's decision influenced the decision of the BIA. *See Beltran–Resendez v. INS*, 207 F.3d 284, 286 (5th Cir.2000); *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir.1997). Accordingly, because the BIA's decision rested solely upon the hardship requirement, the other requirements for cancellation of removal are not at issue.

Because this case involves the granting of relief under 8 U.S.C. § 1229b(b), the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(i) is implicated. *See Garcia–Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir.2003). The jurisdiction-stripping provision eliminates jurisdiction over those decisions that involve the exercise of discretion. *Mireles–Valdez v. Ashcroft*, 349 F.3d 213, 216 (5th Cir.2003). The IJ's determination that Torres–Riasco's spouse and child would not suffer an "exceptional and extremely unusual hardship" if Torres–Riasco were removed to Colombia involved the exercise of discretion. *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). Therefore, this court lacks jurisdiction to review the IJ's determination on hardship. The respondent's motion to dismiss the petition for lack of jurisdiction is GRANTED, and Torres–Riasco's petition is DISMISSED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

**v.**

**Warren Douglass COBLE, Jr.,**
**Defendant–Appellant.**

No. 04–11056.

United States Court of Appeals,
Fifth Circuit.

Decided March 4, 2005.

Vicki H. Lamberson, Assistant U.S. Attorney, U.S. Attorney's Office Northern District of Texas, Amarillo, TX, for Plaintiff–Appellee.

Jason Douglas Hawkins, Douglas A. Morris, Federal Public Defender's Office

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before JONES, BARKSDALE, and PRADO, Circuit Judges.*

PER CURIAM:

IT IS ORDERED that the joint motion of the parties to vacate the appellant's sentencing is granted.

IT IS FURTHER ORDERED that the joint motion of the parties to remand the case to the U.S. District Court for the Northern District of Texas, Amarillo Division for resentencing is granted.